Nicholas B. Klann, # 7-4926
Jessica E. Fix, #7-5594
WHITE & STEELE, P.C.
600 17th Street, Suite 600N
Denver, CO  80202
(303) 296-2828
nklann@wsteele.com
jfix@wsteele.com

ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SHERRY MICHAELIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| PRINCE JACOB, MTR FREIGHT ) | |
| SOLUTION, INC., DOES I-X, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S PETITION AND**
**NOTICE OF REMOVAL OF STATE COURT ACTION**

Pursuant to 28 U.S.C. §§ 1441, 1332, F.R.C.P. 81(c), and U.S.D.C.L.R. 81.1, Defendant MTR Freight Solution, Inc., by and through counsel undersigned, hereby petitions for removal of this case from state court to the United States District Court for the District of Wyoming.  In support of this Motion, Defendant MTR Freight Solution, Inc. (hereinafter "MTR") states as follows:

1. On November 12, 2020, Plaintiff Sherry Michaelis filed a Complaint against Defendants in the District Court, First Judicial District, Laramie County, Wyoming, Civil No. 193-

992. Pursuant to 28 U.S.C § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the file of record in the state court action.

2. Plaintiff alleges she sustained significant injuries as a result of a motor vehicle accident involving Mr. Jacob. **Exhibit A**, *Complaint* at 7-10. Specifically, Plaintiff alleges that on December 22, 2019, Mr. Prince, as an employee, was driving a MTR semi-truck, traveling east on Interstate 80. *Id.* at 7-8. Allegedly, he collided with the concrete median which then caused a portion of the median to be pushed into westbound traffic. *Id.* Plaintiff claims she was driving in the westbound lanes and hit a piece of the concrete median. *Id.* at 9.

3. Plaintiff brought suit against Defendant Jacob and Defendant MTR alleging negligence, vicarious liability and/or respondeat superior, and negligent hiring/training/supervision. **Exhibit A**, *Complaint* at 11-40.

4. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) as Defendant MTR was served with the Summons and Complaint on January 4, 2021. **Exhibit B**, *Affidavit of Service* and *Summons*. Therefore, MTR has up to and including February 3, 2021 to petition for removal.

5. The State Court action is removable to this Court under 28 U.S.C. § 1441(a)-(b).

6. The parties are of completely diverse citizenship and the amount in controversy, excluding interest and costs, exceeds $75,000.00, satisfying 28 U.S.C. § 1332(a)(1).

7. Plaintiff is a resident and citizen of Nebraska. **Exhibit A**, *Complaint* at 2. Defendant Jacob is a resident and citizen of Illinois. **Exhibit A**, *Complaint* at 3. Defendant MTR is incorporated and has its principal place of business in Illinois and is therefore a citizen of Illinois. **Exhibit A**, *Complaint* at 3-4; **Exhibit C**, Certificate of Good Standing from Illinois Secretary of State for MTR.

8. If removal is based solely on diversity, "all defendants who have been properly joined and served must join in or consent to the removal of the action". *Lundahl v. Am. Family Ins. Co.*, 2013 U.S. Dist. LEXIS 201168 *8-9 (D. Wyo. Aug. 2013) (internal citations omitted); 28 U.S.C. § 1446(b).

9. Defendant Jacob has not been served and, therefore, his consent is not required. *See generally* **Exhibit A.**

10. If a plaintiff's complaint does not specify the amount of monetary damages sought then a district court must find, by the preponderance of evidence, there is at least $75,000.00 in controversy. 28 U.S.C. § 1446 (c); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail*, 529 F.3d at 954.

11. The Complaint does not specify the amount of damages the Plaintiff seeks but the Plaintiff has estimated that her claim is worth more than $75,000.00. *Complaint* at 2, ¶ 1. On August 10, 2020, Plaintiff's counsel sent a policy limits demand letter which is attached hereto as **Exhibit D.**[1] The policy limits in this matter exceed $75,000.00. In addition, the demand letter outlined approximately $65,000.00 in past medical expenses and an estimated $183,250.00 in future medical treatment costs.

12. To comply with the notice requirement of 28 U.S.C. § 1446(d) and U.S.D.C.L.R. 81.1, MTR will contemporaneously file a copy of this Petition and Notice of Removal in the District Court for Laramie County, Wyoming, First Judicial District. Copies of the same will be served on all parties.

---

[1] For purposes of the Plaintiff's privacy, portions of the letter detailing past and future medical treatment have been redacted. Upon request, an unredacted version of the letter will be produced.

13. Defendant MTR also submits herewith a $402.00 filing fee.

WHEREFORE, Defendant MTR requests that this Court enter an Order of Removal and exercise jurisdiction over this case.

Dated this 2nd day of February, 2021.

WHITE AND STEELE, P.C.

_(signature)_

Nicholas B. Klann, # 7-4926
Jessica E. Fix, #7-5594
WHITE & STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO  80202
(303) 296-2828
nklann@wsteele.com
jfix@wsteele.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2021, a true and correct copy of the above and foregoing was properly served on the following:

| | |
|---|---|
| Eric Hinckley<br>James Jackson<br>Lowe Law Group<br>6028 S. Ridgeline Drive, Ste. 200<br>Ogden, UT  84405<br>eric_h@lowelawgroup.com<br>james@lowelawgroup.com | ( x ) U.S Mail<br>(   ) Fed. Ex.<br>(   ) Fax<br>(   ) Hand Delivered<br>( x ) Email |

/s/ *signature*
White and Steele, P.C.

5